UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. GALLO,<br><br>          Plaintiff,<br><br>v.<br><br>UNKNOWN NUMBER OF IDENTITY THIEVES, WHOSE IDENTITIES ARE AS YET UNKNOWN,<br><br>          Defendants. | Case No.: 17CV0002 BTM (BGS)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR ORDER AUTHORIZING DISCOVERY OF IDENTITY AND LOCATION OF DEFENDANT TO FACILITATE SERVICE OF SUMMONS AND COMPLAINT**<br><br>[ECF No. 2] |

Plaintiff David J. Gallo's Ex Parte Application for Order Authorizing Discovery of Identity and Location of Defendant to Facilitate Service of Summons and Complaint ("Ex Parte Application") is before the Court. (ECF No. 2.) For the reasons discussed below, the Ex Parte Application is **DENIED** without prejudice.

## BACKGROUND

On January 2, 2017, Plaintiff filed a Complaint against Unknown Number of Identity Thieves asserting a criminal conspiracy in which unknown identity thieves assumed Plaintiff's identity to engage in fraudulent credit card charges in violation of 18

1

U.S.C. § 1028.  (Compl. at 2-5.)  The same day, Plaintiff filed the Ex Parte Application seeking to conduct discovery to identify the unknown identity thieves.  (ECF No. 2.)

On January 5, 2017, the Hon. Michael M. Anello issued an Order to Show Cause why this case should not be dismissed for lack of subject-matter jurisdiction.  (ECF No. 4.)  Plaintiff filed a response to the OSC on January 13, 2017.  (ECF No. 5.)  Plaintiff's Complaint was dismissed sua sponte for lack of subject-matter jurisdiction on February 22, 2017.  (ECF No. 6.)  The Court rejected Plaintiff's assertion that a state law claim based on the violation of a federal criminal statute conferred federal question jurisdiction.  (*Id.*)  However, the Court granted Plaintiff leave to file an amended complaint.  (*Id.*)

On March 8, 2017, Plaintiff filed a First Amended Complaint ("FAC").  (ECF No. 8.)  Plaintiff asserts a Racketeer Influence and Corrupt Organizations Act ("RICO") claim, 18 U.S.C. § 1962.  (*Id.*)  On May 2, 2017, the Court found, upon review of the FAC that subject-matter jurisdiction over the action was proper.  (ECF No. 9.)

## DISCUSSION

Discovery is not permitted, absent a court order, until the parties meet and confer pursuant to Federal Rule of Civil Procedure 26(f).  *See* Fed. R. Civ. P. 26(d)(1).  District courts in the Ninth Circuit generally consider the following "limiting principals . . . to determin[e] . . . whether discovery to uncover the identity of a defendant is warranted:" (1) identifies the unknown party with sufficient specificity that the court can determine that the party is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the party, (3) demonstrates that the action can withstand a motion to dismiss, and (4) demonstrates a reasonable likelihood that the discovery will lead to identifying information that will permit service of process.  *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *see also Openmind Solutions, Inc. v. Does 1-39*, No. C 11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011); *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash*, No. 12cv186 MMA (RBB), 2012 WL 12884688, at *3 (S.D. Cal. May 8, 2012); *UGM Recordings, Inc.*

*v. Doe.*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (collecting cases).

Plaintiff's Ex Parte Application does not address any of these factors. The Ex Parte Application consists of repeating the allegations of his initial Complaint verbatim with a request to obtain records from a third-party credit card processor, an unidentified bank, and Comcast. Because the Ex Parte Application does not address any of the factors courts considers in determining whether early discovery is warranted and it is based on a Complaint that has been dismissed, the Ex Parte Application is **DENIED** without prejudice.

Plaintiff may file a renewed request for early discovery if the above factors are explicitly addressed, including the third as to the FAC as opposed to the initial Complaint, and Plaintiff identifies specifically what types of discovery he is requesting.

**IT IS SO ORDERED.**

Dated: June 19, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge